IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10299
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHNNY LEE REED,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CR-18-1
- - - - - - - - - -

April 15, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

The Government's motion to supplement the record with the rearraignment transcript is GRANTED.  Johnny Lee Reed appeals his guilty-plea conviction for possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Reed argues that the district court clearly erred in finding that he was a leader or organizer of the offense under § 3B1.1(a) of the United States Sentencing Guidelines.  Reed's plea agreement contains a provision in which Reed waived his right to appeal his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence unless the sentence was imposed in excess of the statutory maximum or was the result of an upward departure. We have reviewed the record and conclude that the waiver was informed and voluntary and is therefore binding on Reed. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Reed's claim that the district court clearly erred in finding that he was a leader or organizer under § 3B1.1(a) is barred by the waiver-of-appeal provision. Because Reed's sentence was not in excess of the statutory maximum and was not imposed as a result of an upward departure, he may not challenge his sentence on appeal. Reed's appeal is without arguable merit. Accordingly, it is DISMISSED. 5TH CIR. R. 42.2. Reed's pro se motion to relieve court-appointed counsel and to appoint new counsel is DENIED.

Marty K. Cannedy, Reed's attorney on appeal, is ORDERED to show cause, within fifteen days from the date of this order, why sanctions should not be imposed against counsel for pursuing this appeal in light of Reed's waiver of his right to appeal and the failure of counsel to address the waiver in his appellate brief. Such sanctions may include not receiving any payment for services rendered and expenses incurred on this appeal.

APPEAL DISMISSED; GOVERNMENT'S MOTION TO SUPPLEMENT RECORD GRANTED; REED'S PRO SE MOTION TO RELIEVE COURT-APPOINTED COUNSEL AND APPOINT NEW COUNSEL DENIED.